DAN SIEGEL, SBN 56400
ANNE BUTTERFIELD WEILLS, SBN 139845
EMILYROSE JOHNS, SBN 294319
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Plaintiffs
MARIA MAGDALENA RODRIGUEZ
and TEODORO VALENCIA

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA MAGDALENA RODRIGUEZ and TEODORO VALENCIA, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF NEWARK; CONRAD RODGERS, individually and in his official capacity as a police officer for the City of Newark, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> **(Civil Rights)** <br><br> **Demand for Jury Trial** |

     MARIA MAGDALENA RODRIGUEZ and TEODORO VALENCIA, as the parents of TEODORO VALENCIA, JR., deceased, bring this combined survival and wrongful death action on behalf of TEODORO VALENCIA, JR. Plaintiffs allege as follows:

## JURISDICTION AND VENUE

    1.    This Court has jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1331 (claims arising under the U.S. Constitution) and § 1343(a)(3) (claims brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the U.S. Constitution), and 42 U.S.C. § 1983.

2. The state law claims in this action are so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The Court's jurisdiction over these claims is invoked under 28 U.S.C. § 1367.

3. Venue is proper in the United State District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) because the defendants are located in the Northern District of California and § 1391(b)(2) because all of the acts and/or omissions complained of herein occurred within the Northern District of California.

**PARTIES**

4. At all times relevant hereto, plaintiff MARIA MAGDALENA RODRIGUEZ and TEODORO VALENCIA were the parents of TEODORO VALENCIA, JR.

5. At all times relevant hereto, defendant CITY OF NEWARK was a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, defendant CITY OF NEWARK operates the Newark Police Department and employs its officers.

6. At all times relevant hereto, defendant CONRAD RODGERS was a police officer employed by the Newark Police Department in the CITY OF NEWARK. He is sued individually and in his official capacity as a police officer for the CITY OF NEWARK.

**STATEMENT OF FACTS**

7. Decedent TEODORO VALENCIA, JR., 23 years old, resided in Newark, California. He worked as a barber. He lived with his parents in the same community with his siblings, cousins, nieces, and nephews.

8. On Friday, March 11, 2016, at approximately 9:55 p.m., defendant CONRAD RODGERS responded alone to a 9-1-1 call regarding a robbery in progress at

the Kentucky Fried Chicken restaurant at 5724B Thornton Ave in Newark, California.

9. Defendant CONRAD RODGERS arrived at the Kentucky Fried Chicken on Thornton, armed himself with an AR-15 duty rifle, and positioned himself behind a dumpster next to the back door of the restaurant. Defendant CONRAD RODGERS' hiding place completely obscured him from the view of anyone exiting the back door of the restaurant.

10. At around 9:57 pm, while defendant CONRAD RODGERS hid behind the dumpster, decedent TEODORO VALENCIA, JR. exited the back door of the KFC and left across the parking lot.

11. As TEODORO VALENCIA, JR. moved across the parking lot, defendant CONRAD RODGERS emerged from his hiding place and fired one shot into TEODORO VALENCIA, JR.'s back.

12. Defendant CONRAD RODGERS did not identify himself or provide a warning before shooting TEODORO VALENCIA, JR.

13. TEODORO VALENCIA, JR., wounded, continued for several steps and then collapsed in front of a residence at 37048 Saint Edwards Street in Newark.

14. TEODORO VALENCIA, JR. was pronounced dead at the scene at 10:05 p.m.

15. Defendant CONRAD RODGERS knew or should have known that TEODORO VALENCIA, JR. did not present a serious risk of harm to any present Newark Police Officer or the public at large.

16. On information and belief, defendant CONRAD RODGERS remains employed by the Newark Police Department.

### EXHAUSTION OF ADMINISTRATIVE RELIEF

17. Plaintiffs filed a claim regarding the matters asserted herein with the CITY OF NEWARK under the California Government Tort Claims Act on April 12, 2016. The claim was received by the CITY OF NEWARK on April 15, 2016.  The CITY OF

NEWARK denied the claim in a letter dated July 28, 2016, backdating the denial to May 31, 2016.

### FIRST CLAIM FOR RELIEF
### USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT
(By plaintiffs MARIA MAGDALENA RODRIGUEZ and TEODORO VALENCIA as successors-in-interest to decedent TEODORO VALENCIA, JR. against defendant CONRAD RODGERS, individually and in his official capacity as an officer for the CITY OF NEWARK)
(42 U.S.C. § 1983)

18.     Plaintiffs incorporate by reference paragraphs 1 through 17 above as though fully set forth herein.

19.     By virtue of the foregoing, defendant CONRAD RODGERS acted under color of law when he engaged in the extrajudicial killing of decedent TEODORO VALENCIA, JR. without lawful justification and deprived decedent of his right under the Fourth Amendment to the United States Constitution to be free of unreasonable seizure of his person by use of excessive force.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF PARENTAL RIGHT TO FAMILIAL RELATIONSHIP
(By plaintiffs MARIA MAGDALENA RODRIGUEZ and TEODORO VALENCIA against defendant CONRAD RODGERS, individually and in his official capacity as an officer for the CITY OF NEWARK)
(42 U.S.C. § 1983)

20.     Plaintiffs incorporate by reference paragraphs 1 through 19 above as though fully set forth herein.

21.     By virtue of the foregoing, defendant CONRAD RODGERS acted under color of law when he engaged in the extrajudicial killing of decedent TEODORO VALENCIA, JR. without lawful justification and deprived MARIA MAGDALENA RODRIGUEZ and TEODORO VALENCIA of their substantive due process rights under the Fourteenth Amendment of the United States Constitution to the companionship

and society of and association with their child.

### THIRD CLAIM FOR RELIEF
### FAILURE TO TRAIN AND SUPERVISE
(By plaintiffs MARIA MAGDALENA RODRIGUEZ and TEODORO VALENCIA as successors-in-interest to decedent TEODORO VALENCIA, JR. against defendant CITY OF NEWARK)
(42 U.S.C. § 1983)

22. Plaintiffs incorporate by reference paragraphs 1 through 21 above as though fully set forth herein.

23. Defendant CITY OF NEWARK failed in its obligation to adequately train and supervise its police officers to refrain from subjecting persons being detained to excessive force.

24. By virtue of the foregoing, defendant CITY OF NEWARK was deliberately indifferent to the obvious consequences of its failure to train and properly supervise its police officers. As a result of inadequate training and supervising policies, an officer employed by the CITY OF NEWARK deprived TEODORO VALENCIA, JR. of his rights, as set forth above.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF CALIFORNIA BANE ACT
(By plaintiffs MARIA MAGDALENA RODRIGUEZ and TEODORO VALENCIA as successors-in-interest to decedent TEODORO VALENCIA, JR. against all defendants.)
(California Civil Code § 52.1)

25. Plaintiffs incorporate by reference paragraphs 1 through 24 above as though fully set forth herein.

26. By virtue of the foregoing, defendants CITY OF NEWARK and defendant CONRAD RODGERS interfered by threats, intimidation, or coercion with the rights of the TEODORO VALENCIA, JR. secured by the Constitution of the United States and the Constitution of the State of California.

*Rodriguez and Valencia v. City of Newark,* No.
Complaint - 5

27. By virtue of the foregoing, all defendants acted with malice and oppression and the intent to deprive and did deprive TEODORO VALENCIA, JR. of his rights to be free from detention using excessive force.

**FIFTH CLAIM FOR RELIEF**
**BATTERY BY A POLICE OFFICER**
(By plaintiffs MARIA MAGDALENA RODRIGUEZ and TEODORO VALENCIA as successors-in-interest to decedent TEODORO VALENCIA, JR. against all defendants)

28. Plaintiffs incorporate by reference paragraphs 1 through 27 above as though fully set forth herein.

29. By virtue of the foregoing, defendant CONRAD RODGERS intentionally subjected decedent TEODORO VALENCIA, JR. to the use of unreasonable force.

30. By virtue of the foregoing, defendant CITY OF NEWARK learned that CONRAD RODGERS intentionally subjected decedent to the use of unreasonable force and approved such conduct.

31. By virtue of the foregoing, defendant CITY OF NEWARK is liable for the acts of its employee, CONRAD RODGERS, who acted within the course and scope of his employment.

**SIXTH CLAIM FOR RELIEF**
**NEGLIGENCE**
(By plaintiffs MARIA MAGDALENA RODRIGUEZ and TEODORO VALENCIA as successors-in-interest to decedent TEODORO VALENCIA, JR. against all defendants)

32. Plaintiffs incorporate by reference paragraphs 1 through 31 above as though fully set forth herein.

33. By virtue of the foregoing, defendant CONRAD RODGERS breached his duty to not use excessive force against TEODORO VALENCIA, JR., and this breach was the proximate cause for TEODORO VALENCIA, JR.'s harm.

34. By virtue of the foregoing, defendant CITY OF NEWARK learned that

CONRAD RODGERS breached his duty to not use excessive force against decedent and approved such conduct.

35. By virtue of the foregoing, defendant CITY OF NEWARK is liable for the acts of its employee, CONRAD RODGERS, who acted within the course and scope of his employment.

36. By virtue of the foregoing, defendant CITY OF NEWARK failed to use reasonable care in the training and supervision of defendant CONRAD RODGERS.

**SEVENTH CLAIM FOR RELIEF**
**WRONGFUL DEATH**
(By plaintiffs MARIA MAGDALENA RODRIGUEZ and TEODORO VALENCIA against all defendants)
(Cal. Code Civ. Proc., § 377.60)

37. Plaintiffs incorporate by reference paragraphs 1 through 36 above as though fully set forth herein.

38. By virtue of the foregoing, defendant CONRAD RODGERS intentionally subjected decedent TEODORO VALENCIA, JR. to unreasonable force and breached his duty to not use excessive force against decedent, resulting in the death of decedent and pecuniary loss to plaintiffs.

39. By virtue of the foregoing, defendant CITY OF NEWARK learned that CONRAD RODGERS intentionally subjected decedent to unreasonable force and breached his duty to not use excessive force against decedent and approved such conduct.

40. By virtue of the foregoing, defendant CITY OF NEWARK is liable for the acts of its employee, CONRAD RODGERS, who acted within the course and scope of his employment.

# DAMAGES

41. As a result of the actions of defendants, plaintiffs have been injured and have suffered damages as follows:

    a. They have been physically, mentally, emotionally, and financially injured and damaged as a proximate result of TEODORO VALENCIA, JR.'s wrongful death, including, but not limited to, the loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support;

    b. They have incurred funeral and burial expenses;

    c. They have lost the value of financial support that decedent contributed to the family;

    d. In their capacity as successors-in-interest to decedent, MARIA MAGDALENA RODRIGUEZ and TEODORO VALENCIA are entitled to recover for the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived.

    e. In taking the actions alleged above, defendant CONRAD RODGERS engaged in conduct that was malicious, oppressive, and in reckless disregard of the rights of decedent and plaintiffs. Accordingly, plaintiffs are entitled to punitive damages against defendant CONRAD RODGERS.

WHEREFORE, plaintiffs request that this Court grant them relief as follows:

(1) General damages, in an amount to be determined;

(2) Special damages, in an amount to be determined;

(3) Punitive damages, in an amount to be determined;

(4) Reasonable attorney's fees under 42 U.S.C. § 1988;

(5) Injunctive relief;

(6) Costs of suit; and

(7) Such other and further relief as the Court may deem proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: August 22, 2016

SIEGEL & YEE

By: /s/ Dan Siegel
Dan Siegel

Attorneys for Plaintiffs
MARIA MAGDALENA RODRIGUEZ
and TEODORO VALENCIA